**KAZEROUNI LAW GROUP, APC**
Ryan McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Jonathan Gil, Esq. (SBN: 347431)
jonathan@kazlg.com
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**ASSASSI & CRUZ LAW FIRM. PC**
Adib Assassi, Esq. (SBN: 301036)
adib@aclegalteam.com
Veronica Cruz, Esq. (SBN: 318648)
veronica@aclegalteam.com
1100 W. Town & Country Road, Suite 1250
Orange, CA 92868
Telephone: (800) 500-0301
Facsimile:  (800) 500-0301

*Attorneys for Plaintiff,*
Lauren Garelick

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAUREN GARELICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL APPLIANCE MFG. CO. d/b/a TTI FLOOR CARE NORTH AMERICA, INC., and HOOVER, INC.,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **THE SONG BEVERLY CONSUMER WARRANTY ACT.; AND**<br>2. **CALIFORNIA'S UNFAIR COMPETITION LAW, BUS. & PROF. CODE §§ 17200 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

- 1 -
CLASS ACTION COMPLAINT

**INTRODUCTION**

1. Plaintiff Lauren Garelick ("Plaintiff"), on behalf of herself and others similarly situated, brings this class action suit against, Royal Appliance Mfg. Co. d/b/a TTI Floor Care North America and Hoover, Inc., ("Defendants") for violations of California's Song Beverly Consumer Warranty Act ("SBA"), Cal. Civ. Code §§ 1790, *et seq.*; and California's Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code §§ 17200, *et seq*.

2. Defendants manufacture consumer goods which are advertised and accompanied by express warranties. The SBA explicitly requires that "[a] manufacturer, distributor, or retail seller shall not make an express warranty with respect to a consumer good that commences earlier than the date of delivery of the good."[1] However, Defendants commence their express warranties on the date of *purchase*, not on the date of *delivery*, as required by the SBA.

3. As a result of this unlawful and deceitful business practice, consumers who receive their goods after the date of purchase, such as online shoppers, do not receive the full benefit of their warranty. These consumers are short-changed the full value of their warranties. Furthermore, Defendants unfairly benefit by saving themselves the added time and expense that would be required to properly track and administer their warranties were they to commence on the date of delivery.

4. Through this action, Plaintiff seeks injunctive relief, damages, and restitution based on Defendants' unlawful and unfair conduct.

**PARTIES**

5. Plaintiff is, and at all times mentioned herein was, an individual residing in the County of Orange, California.

6. Plaintiff is a purchaser of Defendants' Hoover PowerScrub Deluxe Carpet Cleaner Machine, Upright Shampooer (the "Product").

7. Defendant Royal Appliance Mfg. Co. d/b/a TTI Floor Care North America, Inc. is an Ohio Corporation with a principal place of business in Charlotte, North Carolina that does continuous

---

[1] Cal. Civ. Code § 1793.01

- 2 -
CLASS ACTION COMPLAINT

and substantial business throughout the state of California, including in the Central District of California.

8. Defendant Hoover, Inc. is a Delaware corporation with a principal place of business in Charlotte, North Carolina that does continuous and substantial business throughout the state of California, including in the Central District of California.

9. At all relevant times, Defendants were engaged in the business of marketing, supplying, and selling products, including the Products purchased by Plaintiff, to the public directly, and through a system of marketers, retailers and distributors.

10. All acts of employees of Defendants as alleged were authorized or ratified by an officer, director, or managing agent of the employer.

## JURISDICTION AND VENUE

11. Subject matter jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars ($5,000,000), excluding interest and costs; (2) there are more than one-hundred Class members; (3) at least one member of the Class is diverse from the Defendants; and (4) Defendants are not government entities.

12. Personal jurisdiction of this Court arises pursuant to specific jurisdiction. Defendants conduct business in the County of Orange, State of California, and Plaintiff was injured in the County of Orange, where Plaintiff resides.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of events and injury giving rise to Plaintiff's claims occurred in or originated from this District.

## FACTUAL ALLEGATIONS

14. On January 20, 2024, Plaintiff purchased Defendant's Product for $149.99 (plus tax) online from Amazon.com to be delivered to her home in Santa Ana, California.

15. The Product was delivered to Plaintiff on January 21, 2024.

16. The Product's express limited two-year warranty states: "[Y]our HOOVER product is warranted against original defects in material and workmanship for a full two year from date of *purchase*." (emphasis added).

17. Furthermore, Defendants' website provides information on the length of warranties.[2] While Defendants asks consumers to "refer to [their] unit's manual to find the length" of warranty, Defendants note that "[f]or parts, accessories, missing screws, bolts, or fasteners, warranty is 90 days after *purchase*[.]"[3]

18. Thus, Plaintiff has not received the full value of the Product that Plaintiff is entitled to.

19. Defendants have a uniform warranty policy where warranties are all commenced on the date of purchase, rather than the date of delivery or receipt of the Product.

20. Defendants do this to reduce the effective warranty periods for all purchasers who receive delivery of their products. This strategic decision short-changes consumers the full length and value of their warranties as permitted by law.

21. Additionally, this practice saves Defendants the time and expense of warranty administration, because Defendants do not need to log and track product delivery dates to commence warranties.

22. Furthermore, this decision creates a chilling effect which prevents consumers who would otherwise have valid warranty claims from pursuing them. As a result, Defendants benefits from fewer warranty claims.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

24. Plaintiff represents and is a member of the Class, defined as:

> All persons within California who purchased one or more of Defendants' Products between July 1, 2023 through the date of class certification, whose Product(s) were delivered to them after the date of purchase. (the "Class")

25. Plaintiff also represents and is a member of the Express Warranty Sub-class, defined as:

> All persons within California who purchased one or more of Defendants' Products between July 1, 2023 through the date of class certification, who purchased one or more of Defendants' Products, which were accompanied by an express warranty that commenced on the date of purchase and not the date of delivery. (the "Sub-class")

---

[2] https://hoover.com/pages/warranty-information; (last accessed 2/6/2025).
[3] *Id*.

26. The above-defined Class and Subclass are together referred to herein as the "Class."

27. Defendants' Products that fall within the above Class definition are referred to herein as the "Class Products."

28. Excluded from the Class are Defendants and any of Defendants' officers, directors and employees. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether Certification is appropriate.

29. ***Ascertainability.*** The members of the Class are readily ascertainable from Defendants' records, Defendants' agents' records, and/or records of the retailers and distributors from which the products were purchased, as well as through public notice.

30. ***Numerosity.*** The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class consists of thousands of members.

31. ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements, and promotions of Defendants. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendants sold the Class Products with express warranties;
- Whether Defendants sold the Class Products with warranties that commenced on the date of purchase and not the date of delivery;
- Whether Defendants intend for their warranty language to act as a barrier for valid warranty claims;
- Whether Defendants intend to save administrative time and expense through their decision for Class Product warranties to commence on the date of purchase, rather than the date of delivery;
- Whether Defendants violated the SBA by having Class Products' warranties commence on the date of purchase, rather than the date of delivery;

- Whether Defendants violated the UCL by having Class Products' warranties commence on the date of purchase, rather than the date of delivery;
- Whether Defendants are liable for damages, and the amount of such damages; and
- Whether Class members are entitled to equitable relief

32. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class for which he seeks to represent. Plaintiff, like members of the proposed Class, purchased Defendants' products which provide warranties which begin upon purchase. Plaintiff advances the same claims and legal theories individually and on behalf of all absent members of the Class. Defendants have no defenses unique to Plaintiff.

33. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and the proposed Class.

34. ***Superiority.*** Class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against Defendants. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be impractical for members of the proposed Class to individually redress the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single

adjudication, economies of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable and superior pursuant to Fed. R. Civ. P. 23.

35. Unless the Class is certified, Defendants will retain monies received as a result of their unlawful and unfair conduct alleged herein. Unless a class-wide injunction is issued, Defendants will continue to deny consumers their full rights to warranty, and members of the public, including Class members, will continue to be misled and harmed.

36. Further, Defendants have acted or refused to act on grounds that are generally applicable to the class, so that declaratory and injunctive relief is appropriate to the Class as a whole, making certification appropriate pursuant to Fed. R. Civ. P. 23.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S SONG-BEVERLY CONSUMER WARRANTY ACT

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and systematic violations of SBA.

39. The products alleged herein are "consumer goods" as defined by Cal. Civ. Code § 1791(a).

40. Plaintiff and putative Class members are "buyers" as defined by Cal. Civ. Code § 1791(b).

41. Pursuant to Cal. Civ. Code § 1793.01, "[a] manufacturer, distributor, or retail seller shall not make an express warranty with respect to a consumer good that commences earlier than the date of delivery of the good. This section does not limit an express warranty made before July 1, 2023."

42. Defendants commence their express warranties on the date of purchase, not on the date of delivery, in violation of the SBA.

43. Defendants values their ability to commence express warranties earlier than required by law.

44. Defendants received, and continue to receive, a benefit at the expense of Plaintiff and Class members.

45. Defendants harmed Plaintiff and Class members by not providing the full value of the warranties for which they are entitled by law. Specifically, their warranties have been cut short by the number of days that elapsed between the date of purchase and the date of delivery of their

products. Thus, Plaintiffs and Class members have lost a pro-rata portion of the value of their warranties.

46. Defendants also harmed those Class members who had warranty claims, but reasonably believed or were told that they fell outside their warranty period.

47. Had Plaintiff and Class members been aware that Defendants' warranty practices did not comply with the law, they either would not have purchased their products or would have paid less for them. The premium paid is a benefit received by Defendants and should be returned to Plaintiff and members of the Class.

48. Defendants benefit, at the expense of Plaintiff and Class members, in the form of reduced costs for tracking, administering, and repairing products under warranty.

49. Pursuant to Cal. Civ. Code §§ 1794(a), (b), Plaintiff and Class members are entitled to damages, including reimbursement of the purchase price of the Class Products.

50. Pursuant to Cal. Civ. Code § 1794(c), Plaintiff and Class members are entitled to two-times the amount of actual damages.

51. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff and Class members are entitled to recover attorney's fees and costs.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

52. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

53. Plaintiff is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

54. The UCL proscribes "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising[.]" Bus. & Prof. Code § 17200. This definition creates three disjunctive "prongs" that operate independently from one another, namely the (1) unlawful, (2) unfair, and (3) fraudulent prongs.

55. By and through Defendants' conduct alleged in detail above and herein, Defendants engaged in conduct which constitutes unlawful and unfair business practices as prohibited by the UCL.

56. A business act or practice is "unfair" under the UCL if it offends an established public policy

or is immoral, unethical, oppressive, unscrupulous or substantially injurious to customers.

57. Defendants' actions constitute unfair business practices because Defendants intentionally designed warranties in violation of the law. This reduced the usable length of consumers' warranties and forced consumers to unknowingly pay more for products. These actions benefited Defendants to the detriment of consumers.

58. The harm to Plaintiff and Class members grossly outweighs the utility, if any, of Defendants' practices.

59. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

60. Defendants' acts and practices alleged above violate the plain language of the SBA, as described in Plaintiff's First Cause of Action above.

61. Defendants' practices have misled Plaintiff and Class members and will continue to mislead in the future.

62. Defendants have unfairly profited off of Plaintiff and Class members through its practices, and will continue to do so in the future.

63. Pursuant to the UCL Plaintiff is entitled to preliminary and permanent injunctive relief, as well as disgorgement and restitution to Plaintiff and the Class members of all Defendants' revenues associated with its unfair competition, or such portion of those revenues as the Court finds equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

- That this action be certified as a class action;
- That Plaintiff be appointed as the Class Representative;
- That Plaintiff's attorneys be appointed Class Counsel;
- For an order declaring Defendants' conduct to be unlawful;
- For an order declaring Defendant to make restitution to Plaintiff and Class members under the SBA in an amount equal to the total amounts paid and payable for the Class Products;
- For actual damages;
- For a civil penalty of two-times actual damages;

- For punitive damages;
- For pre and post-judgment interest at the legal rate;
- For injunctive and other equitable relief as necessary to protect the interests of Plaintiff and other Class members, and an order prohibiting Defendants from engaging in the unlawful, unfair, deceptive and fraudulent acts described above;
- For an order that Defendants engage in a corrective campaign to ensure its warranties comport with the SBA;
- For an order of restitution and disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices;
- For attorney's fees, costs of suit, and out of pocket expenses; and
- For such other and further relief that the Court deems proper.

## TRIAL BY JURY

64. Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 7, 2025                              Respectfully submitted,

                                         **KAZEROUNI LAW GROUP, APC**

                                         By: /s/Ryan L. McBride
                                               Ryan McBride, Esq.
                                               *Attorney for Plaintiff*