RILEY SAFER HOLMES & CANCILA LLP
JEFFREY R. WILLIAMS (CSB No. 084156)
jwilliams@rshc-law.com
RACHEL S. CHRISTENSON (CSB No. 340898)
rchristenson@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:     (415) 275-8550
Facsimile:     (415) 275-8551

Attorneys for Defendant
ROYAL APPLIANCE MFG. CO. d/b/a
TTI FLOOR CARE NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN GARELICK, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL APPLIANCE MFG. CO. d/b/a TTI FLOOR CARE NORTH AMERICA, INC.,<br><br>Defendants. | Case No. 8:25-cv-00446-JWH-DFM<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

The court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. No privilege or protection under state or federal statutory or common law is waived by any disclosure of information connected with the litigation pending before this court, made in accordance with the terms of this Order, and any such disclosure shall not be deemed to be a waiver of any privilege or protection in any other federal or state proceeding. *See* Fed. R. Evid. 502.

WHEREAS, Plaintiff Lauren Garelick ("Plaintiff") and Defendant Royal Appliance MFG. Co. d/b/a TTI Floor Care North America ("Defendant") (collectively, the "Parties") may seek

discovery of documents, information, or other materials that may contain trade secrets, or confidential commercial information ("Confidential Information");

WHEREAS, the parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

WHEREAS, counsel for the party or parties receiving Confidential Information are, at present, without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court ORDERS that:

1. **Scope of Protection.** This Stipulated Protective Order ("Protective Order" or "Order") governs the disclosure, use, and production of information, documents, testimony, and tangible things in connection with this action.

2. **Designations of Protected Information.** As set forth below, any producing person, entity, or third party ("Producing Party") may designate any information, document, testimony, or tangible item to be disclosed or produced to any other person or entity ("Receiving Party") as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" (collectively and individually, "Protected Information"). The following is also Protected Information: (i) any information copied or extracted from Protected Information; (ii) all copies, excerpts, summaries, or compilations of Protected Information; (iii) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Information; and (iv) briefs, memoranda or other writings filed with the Court and accompanying exhibits that contain or reflect the content of any such Protected Information.

a. CONFIDENTIAL. Any Producing Party may designate as CONFIDENTIAL any information, document, or tangible item to be disclosed or produced to any

- 2 -

Receiving Party if the Producing Party claims in good faith that such information, document, or tangible item comprises or contains non-public proprietary or confidential information.

Absent receipt of the prior written consent of the designating party, or Order of the Court, CONFIDENTIAL documents, may be disclosed only to the following persons:

  i.  The Parties;

  ii.  Outside counsel of record in this Action for the Parties;

  iii.  In-house counsel for the Parties or their suppliers who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

  iv.  Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed and signed the Undertaking attached as Exhibit A hereto and complied with Paragraph 4 of this Order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

  v.  Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

  vi.  The Court and its personnel; and

  vii.  Any mediator who is assigned or otherwise chosen to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this order.

The Parties agree that any document produced by a third party designated as

- 3 -

CONFIDENTIAL is subject to review by Defendant prior to disclosure to Plaintiff. Should Defendant disagree with the designation, the Parties shall attempt to resolve any such dispute by meeting and conferring in good faith. If the parties are unable to agree as to whether the CONFIDENTIAL designation of discovery material is appropriate, Plaintiff shall certify to the court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Information. Thereafter, Defendant shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Information in dispute.  All Protected Information are entitled to confidential treatment pursuant to the terms of this Order until and unless the Parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the court as to whether all or a portion of a Protected Information is entitled to confidential treatment.

b.      HIGHLY  CONFIDENTIAL  –  ATTORNEYS'  EYES  ONLY.  Any Producing Party may designate as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("HIGHLY CONFIDENTIAL") any information, document, or tangible item to be disclosed or produced to any Receiving Party if the Producing Party claims in good faith that such information, document, or tangible item comprises non-public proprietary or highly confidentially information, the disclosure of which is likely to cause harm to the competitive position of the Producing Party, and for which designating the material as CONFIDENTIAL would not provide adequate protection. HIGHLY CONFIDENTIAL information may include, without limitation: (i) financial or other commercially-sensitive information (*e.g.*, pricing, customer lists, business and marketing plans or analysis, license agreements and the like); (ii) trade secrets; (iii) information subject to a confidentiality obligation owed by the Producing Party to a third-party; or (iv) information subject to the privacy interest of any individual.

Absent receipt of the prior written consent of the designating party, or Order of the Court, HIGHLY CONFIDENTIAL documents, may be disclosed only to the persons numerated in ¶ 2(a)(ii), (iv)–(vii) above.

c.      Markings. All Protected Information must be clearly marked or stamped with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

- 4 -

(or a suitable equivalent) prior to production to or exchange with the Receiving Party. For documents produced in discovery (except deposition and hearing transcripts), the legend must be placed on each page of each document, to the extent practicable. For deposition and hearing transcripts, the legend must be placed on the cover page of the transcript by each attorney receiving a copy of the transcript, after that attorney receives notice of the designation of some or all of that transcript. For tangible items produced in discovery, the legend must be placed on each discrete unit, to the extent practicable.  Where compliance with this paragraph is not practicable due to the form of the document or item (e.g., Excel spreadsheets), the Producing Party must affix the applicable legend to a coversheet or placeholder document associated with the document or item.

          d.     <u>Depositions</u>. For a deposition transcript, the Producing Party shall designate the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice to outside counsel of record after service of the final deposition transcript.  If confidential treatment of a transcript is requested by a Party by written notice after completion of a deposition, such written notice shall be provided within fourteen (14) days after completion and service of the final transcript.  Such written notice shall specifically identify by page and line number all portions of the transcript that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.  All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as provided for in the written notice.  The Parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Paragraphs 2(a) or (b) above, depending on the designation, for a period of fourteen (14) days after completion and service of the final transcript.  Documents or things used as exhibits at a deposition that a Party desires to be subject to this Order shall be separately stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Producing Party will have the right to exclude from attendance at a deposition, during such time as the Protected Information is to be disclosed, any person other than the deponent, the court reporter, the videographer, and persons designated in Paragraphs 2(a) or (b) depending on the designation

of the Protected Information.

e.    Third Parties. If discovery is sought of a person or entity not a party to this action ("Third-Party") requiring disclosure of such Third-Party's Protected Information, Third-Party's Protected Information is accorded the same protection as the Parties' Protected Information and is subject to the same procedures as those governing disclosure of the Parties' Protected Information pursuant to this Protective Order.

**3.    Limits on Use.** Except by consent of the Parties or order of this Court, any information, document, testimony, or tangible item designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that is disclosed or produced in connection with this action must be maintained in strict confidence by the Receiving Party and used solely in connection with this action (including any appeal), and not for any other purpose. Any person or entity who obtains access to Protected Information or the contents thereof pursuant to this Order cannot make any copies, duplicates, extracts, summaries or descriptions of such Protected Information (or any portion thereof) except as may be reasonably necessary in the litigation of this Action.

**4.    Identification and Disclosures of Experts of Consultants.** If a Receiving Party desires to disclose a Producing Party's Protected Information to any expert or consultant pursuant to ¶ 2(a)(iii) above, it is permitted to do so only after:

a.    identifying in writing to the attorneys for the Producing Party each such expert or consultant, including: (i) the proposed expert's or consultant's full name and professional address and/or affiliation; (ii) the proposed expert's or consultant's current curriculum vitae; (iii) a list of the individual's qualifications, including a listing of all publications within the last five (5) years; (iv) any prior or current employments or consultancies for any Party within the last five (5) years; (v) a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last five (5) years; and (vi) a completed and signed Undertaking from the expert or consultant. To the extent any of items (iii)-(v) are fully disclosed in the curriculum vitae provided under item (ii), such items

- 6 -

need not also be disclosed in a separate form.

b.   the completed and signed Undertaking and information in paragraph 4(a) is served upon the Producing Party at least ten (10) days before access to the Protected Information is to be given to the identified expert or consultant. If the Producing Party fails to object within this period, it waives any objection to the identified expert or consultant, and the parties are deemed to have agreed upon disclosure. If, during the ten (10) business days, the Producing Party gives a written objection stating the specific bases for its objections, the Receiving Party cannot disclose the Protected Information to the identified expert or consultant except as agreed by the Parties or by further Court order. The Parties shall attempt to resolve any such objection by meeting and conferring in good faith within seven (7) days of service of the written objection.   If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order.

**5.    Designation of Documents Under Seal.** If a Producing Party's Protected Information is to be filed with this Court in connection with any proceeding in this action, it shall be filed under seal pursuant to the procedures set forth in Local Civil Rule 79-5 and any other applicable rules of the Court.

**6.    Redactions.** Documents and things produced or made available for inspection may be subject to redaction, if the Producing Party believes in good faith that the information is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence or is subject to the attorney-client privilege or to work-product immunity. Information involving the privacy interests of one or more individuals or subject to data privacy restrictions (such as social security numbers, dates of birth, private addresses or telephone numbers, or other personal information) can be redacted in accordance with the provisions of this paragraph. This paragraph does not waive any party's right to seek disclosure of redacted information. All

- 7 -

documents that are redacted based on attorney-client privilege or work-product immunity must be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

**7.      Challenge to Confidentiality.** A Receiving Party's acceptance of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a Producing Party does not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1). This Protective Order does not foreclose any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor is any party precluded from: (i) claiming that any designated matter is not entitled to the protections of this Protective Order; (ii) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order; or (iii) applying for a further Order modifying this Protective Order in any respect. No party is obligated to challenge the propriety of any designation, and failure to do so does not preclude a subsequent challenge to the propriety of such designation. If a party seeks declassification or removal of the confidentiality designation of any particular items, the Parties shall attempt to resolve any such dispute by meeting and conferring in good faith. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Information shall certify to the court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Information. Thereafter, the party or parties disclosing or producing the Protected Information shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Information in dispute.  On any challenge to the designation of any information, the burden of proof lies with the Producing Party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information. If the party or parties producing the Protected Information do not timely file a motion for protective order, then the Protected Information in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Information are entitled to confidential treatment pursuant to the terms of this Order until and unless the Parties formally agree in writing to the contrary, a

party fails to timely move for a protective order, or a contrary determination is made by the court as to whether all or a portion of a Protected Information is entitled to confidential treatment.

**8.      Inadvertent Failure to Designate.** If a Producing Party inadvertently fails to designate the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of oral disclosure or production, the Producing Party does not waive, in whole or in part, a claim for confidential treatment. Any Producing Party that inadvertently or unintentionally produces Protected Information without designating it may request destruction of that Protected Information by notifying the Receiving Party, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure and providing replacement Protected Information that is properly designated. The Receiving Party must then destroy all copies of the inadvertently or unintentionally produced Protected Information and any documents, information or material derived from or based thereon. The Producing Party must reproduce the Protected Information with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Party. A Receiving Party does not breach this Order for any use of such discovery material before the Receiving Party receives notice of the inadvertent or unintentional disclosure. If a Receiving Party receives discovery information that it believes the Producing Party inadvertently or unintentionally produced without an appropriate designation, the Receiving Party shall notify the Producing Party as soon as reasonably possible and treat the discovery material as though it was designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order until the Producing Party provides replacement Protected Information that is properly designated or states that the discovery material was not inadvertently or unintentionally produced.

**9.      Inadvertent Disclosure of Confidential or Highly Confidential Information.** Should any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information be disclosed to any person not entitled to receive the same, the information shall not lose its confidential status through such disclosure, and the parties must exercise their best efforts and take all steps reasonably required to protect its confidentiality after such inadvertent disclosure. If CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information

is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must inform the Producing Party of the inadvertent disclosure within five (5) calendar days of learning of such disclosure. As soon as possible thereafter, the parties must also use reasonable efforts to obtain the prompt return of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information and obtain a signed Undertaking from each unauthorized person or party who received such Protected Information. Nothing shall prevent the Producing Party from applying to the Court for further or additional relief.

**10.    Inadvertent Production or Disclosure of Privileged Information.** Nothing in this Order shall require production of documents, information or other material that a Producing Party contends is protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. A Producing Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the Receiving Party and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. Within seven (7) days of being notified, the Receiving Party must gather and destroy or return all copies of such documents, information or other material to the Producing Party.

**11.    Contents of Privilege Log.** No Party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the above-captioned lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties following the production of documents.

**12.    Other Proceedings.** By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that

- 10 -

information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**13.   Prior or Public Knowledge**. The restrictions and obligations set forth in this Protective Order shall not prohibit discussions with any person or entity regarding any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information if said person or entity already has legitimate possession thereof. The restrictions and obligations set forth in this Order relating to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information do not apply to any information that: (i) is already public knowledge; (ii) has become public knowledge other than by disclosure by a Receiving Party; (iii) has come or hereafter comes into the Receiving Party's legitimate possession without any confidentiality restrictions and independently of the Producing Party; or (iv) is released from being designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, by the Producing Party or by order of the Court.

**14.   Return or Destruction of Designated Protected Information.** Within sixty (60) days after final termination of this action (including any appeals) unless otherwise agreed to in writing by an attorney of record for the Producing Party, each party must assemble and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that: (i) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications; (ii) all pleadings, motion papers, correspondence, expert reports, written discovery responses, deposition transcripts, deposition, hearing and trial exhibits, and court-filed documents; and (iii) all outside counsel's electronic files other than the production of documents and things may be retained by counsel, subject to a continuing obligation to protect all such material pursuant to this Order. The fulfillment of the

- 11 -

obligations imposed by this paragraph, whether by return, destruction, or both, must be certified in writing by the Receiving Party. All obligations and duties arising under this Protective Order survive the termination of this action. The Court retains jurisdiction indefinitely over the Parties, and any persons provided access to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information under the terms of this Protective Order, with respect to any dispute over the improper use of such Protected Information.

15. **Waiver or Termination of Order.** No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each Producing Party, or by a Court order for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further Court order.

16. **Modification of Order.** This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Court order. The Court retains jurisdiction even after the termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may deem appropriate.

17. **Binding Order.** This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DATED: April 16, 2026

/s/ Ryan L. McBride
Ryan L. McBride
Attorney for Plaintiff

DATED: April 16, 2026

/s/ Rachel S. Christenson
Rachel S. Christenson
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 21, 2026

Douglas F. McCormick
United States District/Magistrate Judge

- 12 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I,_____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this Action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____    Date:_____

- 13 -

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2), I hereby certify that the content of this document is acceptable to all parties who are required to sign this stipulation. All counsel have authorized me to affix their signatures to this document.

Dated: April 16, 2026

Respectfully submitted,

By: */s/ Rachel S. Christenson*
Rachel S. Christenson, Esq.
*Attorney for Defendant*

- 14 -

## PROOF OF SERVICE

I hereby certify that I caused the above document to be electronically filed with the Clerk of Court using CM/ECF system, which will send notification of such filing to all counsel of record in the above-captioned matter.

Dated: April 16, 2026

*Malaysia Hilliard*
**Malaysia Hilliard**